IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AKIBA MATTHEWS, # 43255-037 | * | Civil Action No. CCB-12-181 |
| Petitioner | * | |
| v | * | |
| STATE OF MARYLAND | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Pending is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by self-represented petitioner Akiba Matthews ("Matthews"), an inmate confined at the Federal Correctional Institution-McKean.  ECF Nos. 1 & 3.  Respondent, the State of Maryland, by its counsel has filed a limited response requesting dismissal of the petition, ECF No. 8, to which Matthews has replied.  ECF No. 11.  A hearing is unnecessary to resolve the issues.  *See* Rule 8, "Rules Governing Section 2254 Cases in the United States District Courts;" Local Rule 105.6 (D. Md. 2011).  For reasons to follow, the court will dismiss the petition for lack of subject matter jurisdiction and deny a certificate of appealability.

## BACKGROUND

This petition, filed on March 19, 2012, challenges Matthews's 1991 conviction entered pursuant to a guilty plea for possession of cocaine with the intent to distribute in the Circuit Court for Baltimore City.  ECF No. 3, at 3.  Respondent seeks dismissal of the petition on the grounds that Matthews is not "in custody" for the purposes of 28 U.S.C. § 2254(a).

On November 19, 1991, Matthews pleaded guilty in the Circuit Court for Baltimore City, Case Numbers 291294050 and 291294051, to two counts of possession with intent to distribute a

1

controlled dangerous substance. *See* ECF No. 8, Ex. 1. He was sentenced to ten years of incarceration, with all but time served suspended, and placed on five years of supervised probation. *See id.* Matthews did not appeal the judgment.

On September 6, 1994, Matthews was found in violation of his probation and sentenced to nine years, nine months, and 14 days imprisonment with all but three years suspended and two years of probation upon release. *See id.* Matthews did not seek appellate review. Under these facts, Matthews completed his sentence, including the probationary term, no later than September 6, 1999. Matthews does not dispute that his sentence expired in September of 1999.

In January of 2012, Matthews sought relief from this judgment in a petition for post-conviction relief filed in the Circuit Court for Baltimore City. *See* ECF No. 8, Exs. 1 & 2. On March 14, 2012, the Circuit Court dismissed the petition. *See id.* The order, as reflected in the docket entries, stated: "It is this 8th day of March, 2012, ordered that the petition for post-conviction relief is dismissed since petitioner is not eligible for post-conviction relief."[1] ECF No. 8, Ex. 1, at 4, & Ex. 2, at 5–6. Matthews did not file an application for leave to appeal.

## DISCUSSION

The habeas statute set forth at 28 U.S.C. § 2254 provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91(1989) (citing *Carafas v.*

---

[1] Respondent's counsel states he was unable to obtain a copy of the actual order. *See* Resp't's Mem. 3 n.2, ECF No. 8.

*LaVallee*, 391 U.S. 234, 238 (1968)). The in-custody requirement is jurisdictional, *see id*. at 490, and must be addressed as a threshold issue.

As noted, Matthews does not dispute that he is no longer in custody or under supervision on the basis of the judgment challenged in this petition; his sentence, including the probationary period, expired no later than September of 1999, and he filed the instant habeas corpus petition on March 19, 2012. Instead, he acknowledges that he is now in federal custody, and he asserts the purpose of the instant petition is to challenge the state court judgment that was used to enhance his federal sentence. Pet., ECF No. 1; Supplement to Pet., ECF No. 3, at 5–6; Pet'r's Reply, ECF No. 11.

Because Matthews was not serving a Maryland sentence on the judgment at issue at the time he filed his instant habeas corpus petition, he is not "in custody" for the purposes of 28 U.S.C. § 2254(a), and the petition must dismissed on this basis. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001) (recognizing that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . [and][i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained" (internal citation omitted)); *Cook*, 490 U.S. 488, 492-93 (1989) (noting that the § 2254 custody requirement is not met when inmate challenges expired state sentence, even if expired sentence has enhanced current sentence).[2] In sum, Matthews is no longer in custody pursuant to a judgment or order of a state

---

[2] There are limited exceptions to this rule. *See Lackawanna*, 532 U.S. at 404 (noting exception for failure to appoint counsel in violation of the Sixth Amendment in the former conviction); *Daniels v. United States*, 532 U.S. 374, 383–84 (2001) (recognizing exception where no avenue of review was available to defendant through no fault of his own). Matthews raises no claim that such exceptions apply here.

court, and thus fails to meet the "in custody" requirement of the federal habeas statute.  For this reason, the court must dismiss the petition for lack of subject matter jurisdiction.

## CERTIFICATE OF APPEALABILITY

The court declines to issue a certificate of appealability in this case because Matthews has failed to make "a substantial showing of the denial of a constitutional right." U.S.C. § 2253(c)(2); *see Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (noting that to satisfy the requirements of § 2253(c), a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (quoting *Slack v. McDaniel*, 529 U.S. 474, 484 (2000))).  A separate order follows.

<u>July 16, 2012</u>                                                       /s/                                                              
Date                                                                        Catherine C. Blake
                                                                                 United States District Judge